IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 13 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| MARCUS SMITH<br>Plaintiff<br><br>v.<br><br>TRANSUNION, LLC<br>Defendant. | ) JURY TRIAL DEMANDED<br>)<br>) Civil Case No.: 3:23 cv 3006 HTW LGI<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.  INTRODUCTION

1. Plaintiff, Marcus Smith, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that Defendant TransUnion, LLC (hereinafter "TransUnion") one of the major consumer reporting agencies, negligently and recklessly disseminated inaccurate information on Plaintiff's consumer report, damaging Plaintiff.

2. Plaintiff alleges that TransUnion failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's dispute.

3. Plaintiff seeks statutory, actual, punitive damages, and costs.

## II.  JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the state of Mississippi and violated Plaintiff's rights under the FCRA in the state of Mississippi as alleged more fully below.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because Plaintiff resides in this

Defendant the account was inaccurate, and damaging and must be removed. See Exhibit "B".

11. Plaintiff also requested the procedure used to determine the accuracy and completeness of the information. See Exhibit "B".

12. On or about August 03, 2023, Plaintiff received a VERIFIED AS ACCURATE AND UPDATED from Defendant TransUnion. The disputed item(s) was accurate; however, other information has also changed. See Exhibit "C".

13. Plaintiff observed the payment history and balance continued to reflect inaccurately and incomplete. The defendant continued to show the account 120 days past due for the months of 12/2022, 01/2023, 03/2023, and 04/2023. The defendant also shows no data for the months of 02/2023, 05/2023, and 06/2023; which are all inaccurate and incomplete information.

14. Plaintiff has receipts and US Postal tracking for all payments made, as well as the Statement of Accounting issued by MS DEPT OF HUMAN SVC CHI that clearly doesn't show any payments of 120 days past due. See Exhibit "D".

15. On September 5, 2023, Plaintiff sent TransUnion a Notice of Intent to File Lawsuit due to their failure to correct the inaccurate information regarding the 120-day late payments. See Exhibit "E".

16. Despite having provided TransUnion with all documentation that supports my claim, the late payments are inaccurate, TransUnion has yet to correct the inaccurate reporting of the late payments as of the date of this filing.

17. TransUnion is amongst the three largest consumer reporting agencies ("CRAs") as

defined by 15 U.S.C. § 1681(a)(f). TransUnion primary business is the selling of consumer credit reports to third parties for their profitable gain.

18. TransUnion has a duty under the FCRA, to follow reasonable procedures to ensure that consumer reports meet the standards of "maximum possible accuracy." See 15 U.S.C. § 1681(e)(B).

19. The Defendant's dissemination of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mr. Smith and caused severe economic loss, emotional distress, mental anguish, loss of credit opportunities, inability to obtain a mortgage loan and damage to FICO score.

20. The inaccurate reported late payments have become a permanent component of the Plaintiff's credit profile and has harmed the Plaintiff's creditworthiness.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

21. Plaintiff re-alleges and re-affirms the above paragraphs as though fully set forth herein.

22. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

23. The FCRA provides that if a CRA conducts a reinvestigation of the disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681(a)(5)(A).

24. Plaintiff initiated a dispute with TransUnion disputing the completeness and accuracy of

specific items in their credit file that are patently inaccurate and damaging to him.

25. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

26. As a direct and proximate result of Defendant, TransUnion's action and inaction, Plaintiff has suffered damage and continues to suffer, actual damages, including economic loss, emotional distress, mental anguish, loss of credit opportunities, inability to obtain a mortgage loan, and damage to FICO score.

27. TransUnion's conduct was willful and therefore, TransUnion is liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

28. TransUnion was negligent and therefore, is liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681o.

29. Plaintiff is entitled to recover costs from TransUnion pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

30. Plaintiff re-alleges and re-affirms the above paragraphs as though fully set forth herein.

31. Section 1681e(b) of the FCRA requires that "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum

possible accuracy of the information concerning the individual about whom the report relates."

32. Plaintiff initiated a dispute with TransUnion disputing the completeness and accuracy of specific items in their credit file that are patently inaccurate and damaging to him.

33. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report concerning the Plaintiff.

34. As a direct and proximate result of Defendant, TransUnion's action and inaction, Plaintiff has suffered damage and continues to suffer, actual damages, including economic loss, emotional distress, mental anguish, loss of credit opportunities, inability to obtain a mortgage loan, and damage to FICO score.

35. TransUnion's conduct was willful and therefore, TransUnion is liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

36. TransUnion was negligent and therefore, is liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs from TransUnion pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff against Defendant for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 as follows:

A. Actual damages, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the Court may deem just and proper in this matter.

Dated: 10/13/2023

Respectfully Submitted,

/s/ *Marcus Smith*

Marcus Smith – Pro Se
124 Davis Ave.
Canton, MS 39046
(662) 836-6012 OR
(662) 299-6106
marcussmith601298@gmail.com